UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARSHALL JOHNSON,<br><br>        Plaintiff,<br><br>v.<br><br>LOCKHEED MARTIN CORP. and DOES 1-20,<br><br>        Defendants. | Case No.: 11-CV-01140-LHK<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S EVIDENTIARY OBJECTIONS AND MOTION FOR SANCTIONS; GRANTING DEFENDANT'S MOTION TO STRIKE; DENYING DEFENDANT'S MOTION FOR SANCTIONS |

Plaintiff Marshall Johnson ("Plaintiff") brings this action against his employer, Defendant Lockheed Martin Corporation ("Defendant"), alleging race discrimination in the workplace and wrongful termination. On May 12, 2012, Defendant filed a motion for summary judgment.[1]  ECF No. 25 ("MSJ").  On May 29, 2012, Plaintiff opposed the motion.  ECF No. 28 ("Pl.'s Opp'n"). On June 5, 2012, Defendant filed a reply.  ECF No. 30 ("Reply").  On July 13, 2012, Plaintiff also filed an objection to Defendant's evidence offered in support of Defendant's motion for summary judgment and a motion for sanctions.  ECF No. 34 ("Pl.'s Evid. Objection").  On July 16, 2012, Defendant filed its own motion to strike untimely evidence, surreply to supplemental opposition to Defendant's motion for summary judgment, and request for sanctions.  ECF No. 35 ("Def.'s Evid. Objection").  The Court finds all of these motions appropriate for determination without oral

---

[1] Defendant originally filed its motion for summary judgment on May 11, 2012, but amended the motion the following day.  ECF No. 21.  Plaintiff did not object to Defendant's amendment.

1

Case No.: 11-CV-01140-LHK
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

argument. Civil L.R. 7-1(b). Accordingly, the hearing on the motions set for July 19, 2012, is hereby VACATED. Having considered the parties' submissions and the relevant law, the Court GRANTS Defendant's motion for summary judgment; DENIES Plaintiff's evidentiary objection and motion for sanctions; GRANTS Defendant's motion to strike; and DENIES Defendant's motion for sanctions.

## I.  Background

### A.  Factual History

The following facts are undisputed unless specifically noted.

Defendant is a corporation that, among other things, designs, develops, tests, and manufactures aeronautic and defense products including space launch systems and interplanetary space craft. Bartman Decl. ¶ 3.

Plaintiff, an African-American male, worked at Lockheed Martin Space Systems Company ("LMSSC") from 1979 to 2009. Bartman Decl. ¶ 19; Johnson Decl. ¶¶ 1-2. In November 2009, Plaintiff was a Procurement Representative Senior Staff for the Rapid Procurement group in Sunnyvale, California. Johnson Dep. 129:19-20; Banford Dep. 128:3-7. Plaintiff reported to Gail Banford ("Banford"), Procurement Manager, who was based in Sunnyvale, and supervised 13 employees, including Plaintiff. Banford Dep. 30:7-22; 32:2-33:1. Banford in turn reported to Michele Freeman ("Freeman"), Director of Procurement, who is also African-American and was based in Denver, Colorado. *See* Bartmann Decl. ¶ 6. Freeman in turn reported to Gary Bartmann ("Bartmann"), Vice President of Procurement, also based in Denver. Bartmann Decl. ¶ 1.

In 2009, Defendant began cutting and reorganizing its workforce in response to U.S. government cuts in defense spending. Bartmann Decl. ¶¶ 8-11; Johnson Dep. 65:5-25; Winters Decl. Ex. E. In August 2009, Joanne Maguire, Executive Vice President of LMSSC, informed employees that she had "asked the lines of business and major functional organizations to review their respective budgets and take the necessary actions" to reduce the workforce. Winters Ex. E. Meanwhile, during 2009, LMSSC consolidated its procurement divisions in California, Louisiana, Pennsylvania, and Colorado into a single buying center based in Denver. Bartmann Decl. ¶ 10; Ramirez Dep. 42:12-43:3, 74:18-25.

As a result of this reorganization, LMSSC eliminated approximately 1,059 positions through voluntary and involuntary layoffs during 2009. Bartmann Decl. ¶ 14. Thirty-one procurement positions were eliminated nationwide, and nineteen positions, including Plaintiff's entire Rapid Procurement group, were eliminated in Sunnyvale. Bartmann Decl. ¶ 13; Ramirez Dep. 37:4-9, 74:12-25. Sixteen of the nineteen procurement positions in Sunnyvale were eliminated in November 2009. Bartmann Decl. ¶ 13. Of the thirty-one procurement positions eliminated nationwide in 2009, only four were held by African-Americans. Bartmann Decl. ¶ 21. Furthermore, the percentage of African-Americans in procurement remained virtually unchanged after the conclusion of the 2009 layoffs. *Id.*

According to Defendant's cited evidence, Bartmann assembled a leadership team, which included Freeman, to guide the Procurement consolidation and effectuate the necessary reductions in force. Bartmann Dep. 12:11-13:25; Ramirez Dep. 74:4-25. The Procurement leadership team engaged in a process called "right-sizing," whereby the team determined how many positions were required within each department to perform the available work. Ramirez Dep. 72:12-74:25. The Procurement leadership team determined that at least one person with Plaintiff's job code of E4575 in Procurement department TC3S had to be eliminated. Bartmann Decl. ¶ 16; Ramirez Dep. 37:4-9. Freeman and Bartmann identified Plaintiff's job for elimination because they determined that LMSSC did not need a level 5 employee in Rapid Procurement, such as Plaintiff, to relocate from Sunnyvale to Denver. Bartmann Decl. ¶¶ 15-16; Ramirez Dep. 37:4-9.

Bartmann and Freeman reviewed computer-generated scores that ranked individuals with the same job code within the same department based on the three most recent annual performance review ratings and years of service. Bartmann Dep. 9:22-10:3; 12:11-22; 16:23-17:3; 25:14-26:6; 30:3-11; 35:14-36:1; Bartmann Decl. ¶ 18; Winters Decl. Ex. F; Johnson Decl. ¶ 3.

Three individuals in department TC3S held Plaintiff's job code of E4575: Plaintiff, Gary Ehle ("Ehle"), and Dan Faria ("Faria"). Bartmann Dep. 26:14-27:3; Winters Ex. F. Of these three individuals, Ehle had the most favorable ranking (1.532),[2] based in large part on his receipt of "Exceptional Contributor" performance review ratings. Bartmann Dep. 23:15-26:1; Bartmann

---

[2] The lower the score, the more favorable the ranking.

3

Case No.: 11-CV-01140-LHK
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Decl. ¶ 18; Winters Ex. F. Faria and Plaintiff had identical scores (2.755), as both received "Successful Contributor" ratings for each of the prior three years and had identical tenure of 30 years. Bartmann Dep. 25:14-26:10; Bartmann Decl. ¶¶ 19; Ramirez Dep. 77:10-12; Ex. F.

According to Defendant's cited evidence, Bartmann and Freeman initially considered terminating both Plaintiff's and Faria's employment. Bartmann Decl. ¶ 19. However, Faria was part of a program that required a government-issued security clearance, a credential that Plaintiff concedes he lacks. Johnson Dep. 102:4-6; Bartmann Dep. 40:14-24. Faria's manager, Kent Nolan, sought special permission to retain Faria over Johnson. Winters Ex. G. Defendant cites evidence that Faria was retained over Johnson because of Faria's program's special needs and Faria's additional qualifications and security clearance. Bartmann Decl. ¶ 20; Bartmann Dep. 40:14-41:2. It is undisputed that Defendant terminated Plaintiff's employment in November 2009.

After Plaintiff was terminated, certain procurement positions remained in Sunnyvale. Specifically, Defendant created several Program Material Manager ("PMM") positions, which act as a liaison between Procurement headquarters and the site-specific program they support, and buyers who purchased complex, non-commercial items. Bartmann Decl. ¶ 25; Banford Dep. 122:22-123:1. Unlike Plaintiff's last role, PMMs do not handle Rapid Procurement purchasing. Bartmann Decl. ¶ 25. The PMM positions were not available when Plaintiff's employment was terminated in November 2009. Banford Dep. 95:12-96:18.

### B. Procedural History

On February 16, 2011, Plaintiff filed a complaint in Santa Clara Superior Court. ECF No. 1. The complaint alleged two causes of action: (1) race-based disparate treatment discrimination in violation of the California Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code §§ 12940, *et seq.*, and of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*; and (2) wrongful termination in violation of public policy. *Id.* at 2 & Ex. A. On March 9, 2011, Defendant removed the action to federal court. *See id.* at 1. As discussed above, all of the pending motions are ripe for decision.

### II. Evidentiary Objections

As an initial matter, both parties have objections relating to evidentiary matters. Plaintiff objected to all declarations offered in support of Defendant's motion on the basis that Defendant failed to disclose witnesses pursuant to Federal Rule of Civil Procedure 26(a)(1)(A). Pl.'s Evid. Objection 1. Specifically, Plaintiff contends that Defendant refused to allow the deposition of Raymond Shaefer ("Shaefer"). *Id.* at 2. According to Plaintiff, Defendant did not disclose that Shaefer attended the meeting at which Plaintiff's termination was decided until the deposition of Bartmann on March 15, 2012, one day before the close of fact discovery. *Id.* Plaintiff requests that the Court bar all proof offered by Defendant in the instant motion and to grant an issue sanction on the issue of defendant's liability on all causes of action. *Id.* at 3. Finally, Plaintiff requests attorney's fees and costs in relation to Plaintiff's deposition of Banford and Rodriguez because these witnesses were not knowledgeable about the termination decision. *Id.*

Defendant counters that Plaintiff's complaints relating to discovery should have been raised in a discovery motion such as a motion to compel. Def.'s Evid. Objection at 2. Under Civil Local Rule 37-3, such a motion had to be filed no later than 7 days after the fact discovery cutoff, or no later than March 23, 2012. *Id.* Defendant argues that Plaintiff's raising these issues in a motion filed July 13, 2012, is too late. *Id.* Moreover, Defendant contends that Plaintiff's evidentiary objections should have been raised in Plaintiff's opposition as required by Civil Local Rule 7-3(a), which requires that "[a]ny evidentiary and procedural objections to the motion must be contained within the [opposition] brief or memorandum." Plaintiff failed to include any evidentiary objections in his three-page opposition brief. Moreover, if Plaintiff had any evidentiary objections to Defendant's reply, those objections were due on June 12, 2012, 7 days after Defendant filed its reply. *See* Civil L.R. 7-3(d)(1). Thus, Plaintiff's July 13, 2012 objection even as'\q Defendant's reply brief is more than a month late.

The Court agrees with Defendant. Plaintiff's evidentiary objections are untimely and in violation of Civil Local Rules 37-3 and 7-3. Failure to comply with these Civil Local Rules is reason enough to deny Plaintiff's objections and grant Defendant's motion to strike Plaintiff's objections. *See Adams v. Kraft*, 828 F. Supp. 2d 1090, 1100 (N.D. Cal. 2011). Accordingly, Plaintiff's evidentiary and procedural objections to Defendant's evidence and motion for sanctions

5

are DENIED. By the same token, Defendant's motion to strike Plaintiff's evidentiary objections is GRANTED. The Court will not consider Plaintiff's arguments and additional evidence attached to his evidentiary objections.

Defendant's allegations of Plaintiff's counsel's misrepresentations are disturbing and have some merit. For example, it is simply not true, as Plaintiff's counsel stated in his evidentiary objections brief, that Bartmann failed to identify all five people present at the meeting where the decision to terminate Plaintiff was made. *See* Bartmann Dep. 13:3-18 (identifying all five persons present by name). As Defendant acknowledges, the various sources of authority for imposing sanctions require some showing of intent or scienter. Def.'s Evid. Objection 9 (citing 28 U.S.C. § 1927; Fed. R. Civ. P. 11; Fed. R. Civ. P. 56(h); Civil L.R. 1-4). Having reviewed the evidence of the alleged misconduct, the Court gives Plaintiff's counsel the benefit of the doubt that this and other misstatements were not intentional or in bad faith. Accordingly, the Court declines to award sanctions and thus DENIES Defendant's request for attorney's fees and costs.

### III.     Legal Standard for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is "genuine" if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." *See id*. In determining whether there is a material factual dispute, the Court considers admissible evidence in "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). The Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in the non-moving party's favor. *Anderson*, 477 U.S. at 255.

The moving party bears the initial responsibility for informing the district court of the basis for its motion and identifying those portions of the evidentiary record that it contends demonstrate

1    the absence of a genuine dispute of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323
2    (1986).
3         A party opposing a properly supported motion for summary judgment "may not rest upon
4    the mere allegations or denials of [that] party's pleading, but . . . must set forth specific facts
5    showing that there is a genuine issue for trial." *See Anderson*, 477 U.S. at 248.  The non-moving
6    party need not show the issue will be resolved conclusively in its favor. *See id.* at 248-49.  All that
7    is necessary is submission of sufficient evidence to create a genuine dispute of material fact,
8    thereby requiring a jury or judge to resolve the parties' differing versions at trial. *See id.*  A non-
9    moving party's "conclusory, self-serving affidavit, lacking detailed facts and any supporting
10   evidence, is insufficient to create a genuine issue of material fact." *Nelson v. City of Davis*, 571
11   F.3d 924, 929 n.2 (9th Cir. 2009) (quoting *F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168,
12   1171 (9th Cir. 1997)).

13   **IV.    Discussion**

14        Defendant argues that Plaintiff fails to state a *prima facie* case of discrimination under Title
15   VII and FEHA and, in any event, fails to raise a genuine dispute of material fact as to whether
16   Defendant's proffered non-discriminatory reason for terminating Plaintiff was pretextual.  Mot. 1.
17   Defendant also argues that consequently, in the absence of a Title VII or FEHA violation,
18   Plaintiff's wrongful termination claim in violation of public policy also fails.  *Id.*  Finally,
19   Defendant argues that Plaintiff is not entitled to punitive damages.  *Id.* at 2.
20        In opposition, Plaintiff filed a three-page brief that failed to cite any evidence or case law
21   and attached Plaintiff's own four-paragraph declaration.  Plaintiff argues that Defendant failed to
22   use a "[Reduction in Force ("RIF")] differentiator" to differentiate Plaintiff from Faria.  Opp'n 2.
23   Plaintiff also argues that Defendant failed to address why other white females "with similar
24   classification (E4575)", and fewer years of experience "obtained newly created PMM positions
25   after Johnson was laid off, about which Johnson was not advised." *Id.*
26        In reply, Defendant argues that Plaintiff's self-serving declaration is insufficient to create a
27   genuine dispute of material fact. Reply 1-3.  Defendant contends that even if the RIF differentiator
28   had been applied, Plaintiff would still have been laid off instead of Faria because Plaintiff's RIF

was less favorable than Faria's. *Id.* at 2. Defendant also argues that the alleged similarly-situated white women who obtained PMM positions did not share Plaintiff's job code or work in his department, and were thus not actually similarly situated. *Id.* Moreover, Defendant asserts a lack of evidence showing that Plaintiff was a qualified candidate for the PMM position, which performed a different function than Plaintiff's function in rapid procurement purchasing. *Id.* at 10.

As explained below, the Court agrees with Defendant. Even assuming Plaintiff is able to establish a *prima facie* case, Plaintiff fails to raise a genuine dispute of material fact as to whether Defendant's proffered non-discriminatory reason was pretextual. Thus, Plaintiff's race-based disparate treatment discrimination claims under FEHA and Title VII and claim of wrongful termination in violation of public policy fail as a matter of law. The Court therefore need not reach Defendant's arguments regarding the availability of punitive damages for these claims. Accordingly, Defendant's motion for summary judgment is GRANTED.

### A. Disparate Treatment Racial Discrimination

Under Title VII, it is "an unlawful employment practice for an employer . . . to discharge any individual . . . because of such individual's race . . . ." 42 U.S.C. § 2000e-2(a). California law under FEHA mirrors federal law under Title VII. *See Lam v. City & Cnty. of San Francisco*, --- F. Supp. ---, 08-CV-4702-PJH, 2012 WL 1253199, at *21 (N.D. Cal. Apr. 13, 2012) (citing *Trujillo v. N. Co. Transit Distr.*, 63 Cal. App. 4th 280, 289 (1998); *Tritchler v. Cnty. of Lake*, 358 F.3d 1150, 1155 (9th Cir. 2004); *Cook v. Lindsay Olive Growers*, 911 F.2d 233 (9th Cir. 1990)).

"A person suffers disparate treatment in his employment when he or she is singled out and treated less favorably than others similarly situated on account of race." *Cornwell v. Electra Central Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006). A plaintiff can establish disparate treatment discrimination through: (1) direct or circumstantial evidence of discriminatory intent, or (2) through the *McDonnell Douglas Corp. v. Green* burden-shifting framework. 411 U.S. 792 (1973). The same burden-shifting framework is used when analyzing claims under FEHA. *Bradley v. Harcourt, Brace and Co.*, 104 F.3d 267, 270 (9th Cir. 1996).

In the absence of direct evidence or circumstantial evidence of discriminatory intent, as here, Plaintiff must establish a disparate treatment discrimination case using the *McDonnell*

8

Case No.: 11-CV-01140-LHK
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

*Douglas* framework. First, Plaintiff must establish a *prima facie* case of discrimination. *McDonnell Douglas*, 411 U.S. 792, at 802-04. If Plaintiff establishes a *prima facie* case, the burden shifts to Defendant to articulate a legitimate, non-discriminatory reason for its action. *Id.* If Defendant articulates a legitimate, non-discriminatory reason, the burden shifts back to Plaintiff to demonstrate that the employer's stated reason was a pretext for unlawful discrimination. *Id.*

### 1. Prima Facie Case

Plaintiff can establish a *prima facie* case if he shows that: (1) he is a member of a protected class; (2) he was qualified for his position and performing his job satisfactorily; (3) he experienced an adverse employment action; and (4) similarly situated individuals outside of his protected class were "treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Hawn v. Executive Jet Mgmt., Inc.*, 615 F.3d 1151, 1156 (9th Cir. 2010) (citing *Peterson v. Hewlett–Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004); *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 889 (9th Cir. 1994)). It is undisputed that Plaintiff is a member of a protective class as an African-American. Thus, the Court focuses on the last three factors.

Plaintiff's *prima facie case* is based on his allegedly less favorable treatment than five other less experienced white women who obtained PMM positions and Faria, who was spared from termination. With regard to the allegedly similarly situated white women, Plaintiff fails to rebut Defendant's cited evidence that the PMM positions were not available until nearly three months after Plaintiff was terminated and that the PMM functions were different than Plaintiff's functions in rapid procurement. Bartmann Decl. ¶ 25; Banford Dep. 95:12-96:18, 122:22-123:1. Indeed, Plaintiff fails to point to any evidence other than Plaintiff's self-serving and conclusory declaration that he was eminently qualified for the PMM position and that these women were indeed similarly situated. However, a non-moving party's "conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact." *Nelson v. City of Davis*, 571 at 929 n.2 (9th Cir. 2009) (quoting *F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997)). Accordingly, Plaintiff fails to establish a *prima facie* case for

Case No.: 11-CV-01140-LHK
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

disparate treatment racial discrimination based on the allegedly more favorable treatment of white women who obtained PMM positions.

Even assuming Plaintiff could establish a *prima facie* case based on Defendant's retention of Faria over Plaintiff,[3] as discussed below, the Court agrees that Defendant is entitled to summary judgment because Plaintiff has failed to raise a genuine dispute of material fact as to whether Defendant's proffered non-discriminatory reason was pretextual.

### 2. Non-Discriminatory Reason

Once a plaintiff establishes a *prima facie* case of discrimination, the burden shifts to the employer to offer a legitimate, nondiscriminatory reason for the adverse employment decision. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000). An employer's reasons need not rest on true information. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1063 (9th Cir. 2002).

Defendant argues that Plaintiff's employment was terminated as part of a larger reduction in workforce and reorganization in response to decreased defense spending. Defendant has cited ample evidence of the workforce reduction and reorganization, and Plaintiff does not dispute this evidence. Bartman Decl. ¶¶ 8-11; Johnson Dep. 65:5-25; Ramirez Dep. 42:12-43:3, 74:18-25. The Ninth Circuit has held that a reduction in workforce constitutes a legitimate, non-discriminatory reason for terminating an employee. *Winarto v. Toshiba Am. Elecs. Components, Inc.*, 274 F.3d 1276, 1295 (9th Cir. 2001); *see also Hawkins v. Home Depot USA, Inc.*, 294 F. Supp. 2d 1119, 1123 (N.D. Cal. 2003), *aff'd*, 127 F. App'x 305 (9th Cir. 2005) (elimination of position due to reorganization and failure to reassign for lack of qualifications legitimate, nondiscriminatory reason) (citing *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1282 (9th Cir. 2000)).

With regard to Defendant's specific decision to retain Faria over Plaintiff, Defendant argues that this decision was based on the fact that Faria was part of a project that required a security

---

[3] The Court need not reach whether Plaintiff establishes a *prima facie* case, because Plaintiff fails to raise a material factual dispute as to pretext. *See Vasquez v. Cnty. of L.A.*, 349 F.3d 634, 642 (9th Cir. 2003) ("even assuming that [plaintiff] could establish his prima facie case, his claim would fail because he could not show that [defendant's] reason was a pretext for discriminatory intent.")

10

Case No.: 11-CV-01140-LHK
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

clearance and that Plaintiff did not have the required security clearance. It is undisputed that Plaintiff lacked a security clearance. Johnson Dep. 102:4-6. Other courts have found the lack of a required security clearance to be a legitimate, nondiscriminatory reason for taking an adverse employment action. *See, e.g.*, *Makky v. Chertoff*, 541 F.3d 205, 216 (3d Cir. 2008); *Bennett v. Chertoff*, 425 F.3d 999, 1002-03 (D.C. Cir. 2005); *Jamil v. Sec'y, Dept. of Def.*, 910 F.2d 1203, 1207 (4th Cir. 1990) ("the defendants have produced a legitimate reason for [plaintiff's] dismissal, namely that he no longer held the security clearance required for his job.").

The Court finds that Defendant has met its burden of articulating a legitimate, non-discriminatory reason for terminating Plaintiff. Accordingly, the burden shifts to Plaintiff to adduce evidence that Defendant's justifications for its adverse employment actions against Plaintiff were merely a pretext for discrimination. *See Hawn*, 615 F.3d at 1155.

### 3. Pretext

A plaintiff can demonstrate that a defendant's proffered reasons for a challenged action are pretextual "'either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence.'" *Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1115 (9th Cir. 2003) (quoting *Burdine*, 450 U.S. at 256) (some alterations changed). A Plaintiff must present "'specific, substantial evidence of pretext' to defeat employer's motion for summary judgment." *Hawn*, 615 F.3d at 1158 (citing *Steckl v. Motorola, Inc.*, 703 F.2d 392, 393 (9th Cir. 1983)). "[W]hen evidence to refute the defendant's legitimate explanation is totally lacking, summary judgment is appropriate even though plaintiff may have established a minimal *prima facie* case based on a *McDonnell Douglas* type presumption." *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1037 (9th Cir. 2006) (citation omitted).

Plaintiff's opposition brief does not cite any facts, let alone sufficient facts to raise a genuine factual dispute as to pretext. Plaintiff fails to rebut Defendant's evidence that Plaintiff's employment was terminated due to budget cuts and reorganization and that Faria was chosen over Plaintiff due to Plaintiff's lack of a security clearance. Bartman Decl. ¶¶ 8-11; Johnson Dep. 65:5-25; Ramirez Dep. 42:12-43:3, 74:18-25. Plaintiff's self-serving and conclusory affidavit merely

states that: (1) the differentiator was not used in his termination, and (2) Plaintiff was "eminently qualified" for the PMM positions that were given to several white females with little or no purchasing experience. Whether or not a differentiator was used does not help Plaintiff establish that Defendant's true motive to choose Faria over Plaintiff was based on race rather than Plaintiff's lack of a security clearance. Moreover, Plaintiff cannot meet his evidentiary burden by setting forth his unsupported beliefs that he was eminently more qualified than the white females who obtained the PMM jobs. *White v. Mabus*, 837 F. Supp. 2d 1127, 1137 (S.D. Cal. 2011) (citing Fed. R. Civ. P. 56(c)). In short, the Court concludes on this record that a reasonable jury could not "conclude by a preponderance of the evidence that the defendant undertook the challenged employment action because of the plaintiff's race." *See Cornwell*, 439 F.3d at 1028-29.

Accordingly, Defendant's motion for summary judgment is GRANTED as to Plaintiff's Title VII and FEHA race-based disparate treatment discrimination claims.

### B. Wrongful Termination

"In order to sustain a claim of wrongful discharge in violation of fundamental public policy, [a plaintiff] must prove that his dismissal violated a policy that is (1) fundamental, (2) beneficial for the public, and (3) embodied in a statute or constitutional provision." *Turner v. Anheuser–Busch, Inc.*, 7 Cal. 4th 1238, 1256 (1994) (footnotes omitted).

Plaintiff's claim for wrongful termination in violation of public policy is derivative of his Title VII and FEHA claims. *See Sanders v. Arneson Prods., Inc.*, 91 F.3d 1351, 1354 (9th Cir. 1996) (citing *Jennings v. Marralle*, 8 Cal.4th 121, 135-36 (1994)). As discussed above, the Court has granted Defendant's motion for summary judgment on Plaintiff's Title VII and FEHA claims. Accordingly, Defendant's motion for summary judgment is similarly GRANTED as to Plaintiff's wrongful termination in violation of public policy claim. *See Cavanaugh v. Unisource Worldwide, Inc.*, No. CIV–F–06–0119 AWI DLB, 2007 WL 915223, at *11 (E.D. Cal. Mar. 26, 2007).

### V. Conclusion

For the foregoing reasons, the Court rules as follows:

1. Defendant's motion for summary judgment is GRANTED as to all of Plaintiff's claims.
2. Plaintiff's evidentiary objection and motion for sanctions are DENIED.

3. Defendant's motion to strike is GRANTED.

4. Defendant's motion for sanctions is DENIED.

      The Clerk shall enter judgment in favor of Defendant per this Order and close the file.

**IT IS SO ORDERED.**

Dated: July 17, 2012

                                                    LUCY H. KOH
                                                    United States District Judge